[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action for nonpayment of rent for July 1999. The allegations of the complaint are admitted. A trial proceeded on the defendant's special defense requesting equitable relief against forfeiture of her lease.
In deciding whether to grant the defendant's request for equitable relief, I have considered and relied on the following facts: In June of 1997, the plaintiff (hereinafter sometimes "EHHA") and the defendant (hereinafter sometimes "Andrews") entered into a written, automatically renewable, month-to-month lease for premises at 21 King Court, East Hartford, Connecticut. The housing authority leases to the defendant under the state moderate income rental program. Rent is calculated at 30% of income, net after allowable deductions. The plaintiff leases the moderate income rental units in a self sufficient, revenue dependent manner.
Under the moderate income rental program, Andrews enjoys a favorable monthly rent in the amount of $378.00 for the two CT Page 14390 bedroom apartment where she lives with her four year old daughter. Andrews is a single parent and the sole source of income and support for herself and her daughter.
Under the terms of the lease, rent is due on or before the tenth day of each month. The defendant did not pay the rent due by July 10, 1999. Instead, she purchased a 1995 Honda Accord with a down payment of $1500.00 to replace an automobile on which she had spent $1500.00 for repairs a year earlier. Andrews relies on an automobile for transport to her work and to day care.
On July 14, 1999, Andrews was served with notice to quit the premises on July 28, 1999, and with writ, summons and complaint on August 14, 1999. She appeared pro se on August 30, 1999. On the day of trial, counsel appeared for the defendant and by amendment to the answer plead the following special defense: "The Defendant is ready, willing and able to enter into a stipulated judgment to pay the entire arrearage. The plaintiff refuses to enter into such an arrangement despite its own policy requiring it to do so. Under these circumstances, equity abhors a forfeiture of the lease."
It is the policy of EHHA in an eviction action to negotiate a stipulation contemplating reinstatement of the lease only if 1) there has been no prior eviction action against the tenant; 2) half the arrearage is paid to the EHHA on the day of the stipulation; 3) the stipulation does not allow the tenant more than 90 days to pay off the balance of the arrearage; and 4) third party payments offered on behalf of the tenant are unconditional.
Andrews has never been the subject of a prior eviction. She has been reliable with her rent payments up to July 1999. Her arrearage through October 31, 1999, including legal fees and court costs is $1532.00. Andrews qualifies for assistance from the Community Renewal Team Eviction Prevention Program in the amount of $450.00, but payment would not be paid until after January 25, 2000, during a new budget cycle. As such, the CRT's eviction prevention payment does not meet EHHA's condition for accepting third party payment.
The defendant earns $11.46 per hour; she takes home $836.00 on the 15th and 30th of each month or $1672.00 monthly. Her fixed monthly expenses, not including food, clothing and sundries, total $1425. She is responsible and conscientious about paying CT Page 14391 her bills and living within her budget but has little cushion or tolerance to absorb an unexpected or unusual expense.
At the time of trial on November 2, 1999, Andrews could pay $650 immediately and an additional $150.00 per month until the balance of the arrearage is paid. Additionally, eviction prevention assistance in the amount of $450.00 would be available to her after January 2000.
The defendant claims that even though the plaintiff has proven its summary process case, this court, as a court of equity, should intervene to enjoin a forfeiture of her possession of the premises.
Equitable defenses and counterclaims implicating the right to possession are available in summary process actions. Fellows v.Martin, 217 Conn. 57 (1991). Equitable principles barring forfeitures may apply to summary process actions for nonpayment of rent if: (1) the tenant's breach was not willful or grossly negligent; (2) upon eviction the tenant will suffer a loss wholly disproportionate to the injury to the landlord; and (3) the landlord's injury is reparable. Id., 66-67. Cumberland Farms,Inc. v. Dairy Mart, Inc. 225 Conn. 771, 778 (1993).
Whether equity would relieve a tenant's failure to pay rent when the non-payment is largely but not entirely beyond the defendant's control was answered affirmatively by Judge Holzberg in East Hartford Housing Authority v. Parker, No. SPH 9111-63027 (August 7, 1992) (J.D. Hartford/New Britain at Hartford) (Holzberg, J.). The analytic framework of Parker consisted of the following four elements: 1) In the absence of equitable relief, the defendant will suffer a loss wholly disproportionate to that of the landlord; 2) The injury to the plaintiff is reparable; 3) The reason for the non payment and the defendant's responsibility; 4) The extent to which the tenant has demonstrated good faith in curing the default.
I find that in the absence of equitable relief 1) the loss to the defendant of her moderate income housing will be disproportionate to that of the landlord from a delay in being made whole. I find 2) the injury to the landlord is reparable; 3) the reason the defendant failed to pay rent in July is because she chose to purchase an automobile, however, I cannot find the defendant irresponsible or grossly negligent in choosing between the potential loss of her apartment because of nonpayment of rent CT Page 14392 in July, on the one hand, and the potential loss of employment, day care and, ultimately, of her apartment because of lack of transportation, on the other; and 4) the tenant has been ready, willing and able to cure the default, but not on the terms and conditions of the plaintiff's rent policy and guidelines. I make no finding as to the reasonableness of those policies and guidelines, except to acknowledge that they are founded on the landlord's fiscal concerns and constraints which I have considered in light of the availability to the parties of monetary assistance designed to prevent an eviction such as this.
The defendant, Karen Andrews, has prevailed on the special defense seeking equitable relief from forfeiture of the lease. Accordingly, judgment may enter in her favor upon the following conditions: The defendant shall pay the sum of $650.00 to the plaintiff on or before November 20, 1999. On or before December 3, 1999, the defendant shall pay $378.00 for November Use and Occupancy. On or before December 17, 1999, January 10, 1999 and February 10, 1999, the defendant shall pay the sum of $378.00 for current use and occupancy and the sum of $144.00 for arrearage. On or before March 1, 1999, a payment must be made by the defendant or on her behalf in the amount of $450.00.
Tanzer, J.